IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| YU HIN CHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-219 |
| | ) | |
| KAREN MAY BACDAYAN; KEVIN C. | ) | |
| McCLANAHAN; CARMEN A. PACHECO; | ) | |
| DAWN HILL-KEARSE; WAVNY | ) | |
| TOUSSAINT; and RE/MAX, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* in the above-captioned case. Upon initial review of Plaintiff's complaint, the Court ordered Plaintiff to amend his complaint within fourteen days to correct numerous pleading deficiencies and provided instructions for amending. (See doc. no. 4.) The Court cautioned Plaintiff that failing to submit a timely response would result in a presumption by the Court he desires to have this case voluntarily dismissed and would result in a recommendation for dismissal of this action, without prejudice. (Id. at 5.) The time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's October 17, 2025 Order.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the

ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)). see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, Plaintiff's failure to file an amended complaint, or even to provide the Court with an explanation for his failure to amend his complaint, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Moreover, the Court cautioned Plaintiff that a failure to respond would be an election to have his case voluntarily dismissed.

In sum, the time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's October 17th Order. Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of November, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA